## Alexandria

FRANKLIN McKINLEY YEAGER, s/k/a

FRANKLIN McKINLEY YAGER

v.

COMMONWEALTH OF VIRGINIA

No. 1992-91-4

Decided July 20, 1993

COUNSEL

S. Braxton Puryear (Puryear & Puryear, on briefs), for appellant.

John H. McLees, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**FITZPATRICK, J.**—Franklin McKinley Yeager (appellant) was convicted by a jury of three counts of rape in violation of Code § 18.2-

61. On appeal, appellant argues that the trial court erred by: (1) denying his motion to vacate the final orders pending an evidentiary hearing on his motion for a new trial; (2) denying his motion for a new trial without a hearing on the merits; (3) denying his request for a bill of particulars; and (4) refusing a proffered jury instruction directing the jury to consider the victim's failure to timely report the rapes. Finding no error, we affirm the convictions.

## BACKGROUND

Appellant was indicted under Code § 18.2-61 on three counts of raping his eleven-year-old daughter. Indictment No. 2164 originally charged that the first rape occurred "approximately November 1988." Indictment No. 2165 charged that the second rape occurred between December 25, 1990 and January 10, 1991. The third indictment, No. 2166, charged that the last rape occurred on or about February 22, 1991.

Appellant was arraigned on April 26, 1991. He pled not guilty to all three counts. On the same day, the trial judge granted the Commonwealth's motion to amend indictment No. 2164 to reflect that the first rape occurred between March 1, 1989 and July 1, 1989. Appellant objected to the amendment and moved to strike the original indictment as a basic mistake of fact, arguing that the Commonwealth should be barred from seeking another indictment within the amended time frame of March 1, 1989 through July 1, 1989. In support of its motion to amend, the Commonwealth noted that the appellant had not requested a bill of particulars and that the indictment need not be dismissed because the date of offense proved differed from the original date in the indictment. The trial judge granted the Commonwealth's motion and re-arraigned appellant on the amended indictment, to which appellant pled not guilty.

On May 2, 1991, appellant requested a bill of particulars pursuant to Code § 19.2-230 seeking the precise facts and circumstances constituting the offenses under all three indictments. On May 6, 1991, the trial judge denied the motion as not timely because a plea had already been entered.

On the morning of trial, appellant requested a rape shield hearing pursuant to Code § 18.2-67.7. Both sides argued a motion *in limine* addressing the admissibility of two letters allegedly written by the victim. Appellant argued that these letters were offered to provide an

alternative explanation for the physical evidence of the offense charged. At that time, the victim denied writing the letters. The trial judge found the letters admissible and granted appellant's motion.

The jury found the appellant guilty on all three rape counts and recommended life sentences on each. On September 17, 1991, appellant was sentenced to two concurrent life sentences and one consecutive life sentence. The final orders were entered October 11, 1991.

On October 31, 1991, appellant filed a motion to vacate the sentencing orders and a motion for a new trial. Argument on the two motions was heard November 1, 1991. At that time, appellant requested the sentencing orders be vacated "until such time as a hearing on the merits" on the motion for new trial was heard. He proffered as "newly discovered evidence" the opinion of a handwriting expert who, if called, would testify that the two letters which the victim denied having written "appear to have been written by daughter." The trial judge denied both post-trial motions.

## BILL OF PARTICULARS

Appellant contends that the trial judge abused his discretion by failing to order a bill of particulars when the Commonwealth amended one of the three rape indictments to allege a new offense date. Appellant argued that the requested information would "be important and useful to the defense in preparing its case." The trial judge found the request to be untimely and the "purpose for which the bill of particulars is being sought in these cases is a matter of identifying the time and location of the alleged events."

Code § 19.2-230 provides in pertinent part: "A court of record may direct the filing of a bill of particulars at any time before trial. A motion for a bill of particulars *shall* be made before a plea is entered and at least seven days before the day fixed for trial." (emphasis added). Although appellant made the motion at least seven days prior to trial, he had been re-arraigned on the amended indictment and pled not guilty.

The purpose of a bill of particulars is to provide sufficient facts to inform the accused in advance of the offense for which he is to be tried. *Quesinberry v. Commonwealth*, 241 Va. 364, 372, 402 S.E.2d 218, 223 (quoting *Hevener v. Commonwealth*, 189 Va. 802, 814, 54 S.E.2d 893, 899 (1949)), *cert. denied*, 112 S. Ct. 113 (1991). A bill of particulars is required only when the indictment is insufficient to

notify the accused of the nature and character of the charges so he can make his defense. *Strickler v. Commonwealth*, 241 Va. 482, 490, 404 S.E.2d 227, 233 (quoting *Wilder v. Commonwealth*, 217 Va. 145, 147, 225 S.E.2d 411, 413 (1976)), *cert. denied*, 112 S. Ct. 386 (1991).

■ There is no question that the indictment was sufficient to apprise the appellant of the nature and character of the offense, as he had already entered his plea prior to his bill of particulars request. In a statutory rape case, when the age of the victim is not in dispute, time is not of the essence of such an offense, and the Commonwealth is not required to specify the exact date. *Clinebell v. Commonwealth*, 3 Va. App. 362, 366-67, 349 S.E.2d 676, 679 (1986), *aff'd in part*, 235 Va. 319, 368 S.E.2d 263 (1988). Fundamental fairness is provided if the defendant has notice of the nature and character of the offense charged.

## DENIAL OF JURY INSTRUCTION

At the conclusion of the evidence, appellant offered the following instruction:

> If you find that there is not a reasonable explanation for the victim's failure to report an alleged rape for a reasonable period after the incident occurred, you may be suspect and doubtful of the truthfulness of the victim's story.

The instruction was not taken from the Model Jury Instructions, but was based on language found in *Willis v. Commonwealth*, 218 Va. 560, 563, 238 S.E.2d 811, 813 (1977).[1] The trial judge denied the instruction as being a comment on the evidence and inappropriate as an instruction. However, the trial judge specifically allowed appellant's counsel to argue the point in closing. Appellant contends that this instruction appropriately directs the jury's attention to the victim's lapse in reporting the rapes and that a failure to explain such a lapse casts ''suspicion and doubt on the truthfulness'' of the victim's story. *Id.* We disagree. The language quoted does not accurately reflect the Supreme Court's holding in that case, nor is it a proper jury instruction.

---

[1] Appellant was apparently relying on the following passage from *Willis*: ''The failure to report an alleged rape by *force and violence* for an unreasonable period after the incident occurred casts suspicion and doubt on the truthfulness of the story of a prosecutrix *unless there is a credible explanation given for such a delay*.'' 218 Va. at 563, 238 S.E.2d at 813 (emphasis added) (citations omitted).

■ A statement made in the course of a judicial decision is not necessarily proper language for a jury instruction. *Snyder v. Commonwealth*, 220 Va. 792, 797, 263 S.E.2d 55, 58 (1980). We note that the language submitted by appellant does not comport with that of the relied upon case. The quoted statement of the law omitted the last portion of the sentence, the phrase, "unless there is a credible explanation given for such a delay." *Willis*, 218 Va. at 563, 238 S.E.2d at 813.

■ Furthermore, "[w]hen a trial judge instructs the jury in the law, he or she may not 'single out for emphasis a part of the evidence tending to establish a particular fact.' The danger of such emphasis is that it gives undue prominence by the trial judge to the highlighted evidence and may mislead the jury." *Terry v. Commonwealth*, 5 Va. App. 167, 170, 360 S.E.2d 880, 882 (1987) (citation omitted). While denying this specific instruction, the trial judge properly allowed appellant to address in closing argument the failure to promptly report the rapes. Accordingly, we find no error in the instruction of the jury.

## REQUEST TO VACATE FINAL ORDERS

On November 1, 1991, the twenty-first day after entry of the sentencing orders, appellant's motion for a new trial was heard. Appellant requested that the sentencing orders of October 11, 1991 be vacated until such time as a full evidentiary hearing on the motion could be held. The trial judge refused to do so. Accepting as true all grounds appellant proffered as the basis for a new trial, his evidence failed to meet the threshold requirements for a new trial based upon after-discovered evidence. Appellant failed to make a *prima facie* showing of entitlement to a new trial and, thus, a further hearing was properly denied.

The foundation for appellant's motions was the after-discovered evidence of a handwriting expert's analysis of the two letters allegedly written by the victim. The analysis found that the handwriting "appeared to be" that of the victim. In support of both motions, appellant argued that he could establish the necessary showing for granting a new trial at an evidentiary hearing on these motions.

Because of the need for finality in court adjudications, four requirements must be met before a new trial is granted based upon an allegation of newly-discovered evidence: (1) the evidence was discovered after trial; (2) it could not have been obtained prior to

trial through the exercise of reasonable diligence; (3) it is not merely cumulative, corroborative or collateral; and (4) is material, and as such, should produce an opposite result on the merits at another trial.

*Mundy v. Commonwealth*, 11 Va. App. 461, 480, 390 S.E.2d 525, 535, *aff'd en banc*, 399 S.E.2d 29 (Va. App. 1990), *cert. denied*, 502 U.S. 840 (1991) (citations omitted); *see also Carter v. Commonwealth*, 10 Va. App. 507, 393 S.E.2d 639 (1990).

■ "Motions for new trials based on after-discovered evidence are addressed to the sound discretion of the trial judge, are not looked upon with favor, are considered with special care and caution, and are awarded with great reluctance." *Stockton v. Commonwealth*, 227 Va. 124, 149, 314 S.E.2d 371, 387, *cert. denied*, 469 U.S. 873 (1984) (citation omitted). "Before setting aside a verdict, the trial court must have evidence before it to show in a clear and convincing manner 'as to leave no room for doubt' that the after-discovered evidence, if true would produce a different result at another trial." *Carter*, 10 Va. App. at 513, 393 S.E.2d at 642.

The trial judge found that the basic evidence (the letters) was not discovered after trial, but was in fact admitted into evidence during the trial. Only the expert's analysis of the letters was after-discovered. In addition, appellant failed to exercise due diligence in securing this evidence during trial. The letters were submitted and admitted during the rape shield hearing, held at appellant's request, on the morning of the trial rather than at an earlier date. These letters were the very subject of that hearing. Despite the untimeliness of the motion, they were admitted and appellant was permitted to use the letters as the basis for an alternative explanation for the child's physical condition.

The fact that the victim might deny authorship of the letters is not an unforeseeable event. Appellant created this situation by waiting until the morning of trial to raise the letter issue and he cannot now complain that he was unprepared.

Lastly, the additional evidence, if true, is merely corroborative. Evidence was presented to the jury that the victim denied writing the letters and contrary evidence was presented by appellant's witness, the victim's cousin, attesting to the victim's authorship. This issue was

before the jury at the original trial, and a new trial would not necessarily produce an opposite result if the after-discovered evidence was admitted.

The trial judge noted that appellant failed to attach an affidavit to his motion for a new trial. "The applicant for a new trial must set forth in affidavits facts showing what his efforts were to obtain the evidence and explaining why he was prevented from securing it." *Fulcher v. Whitlow*, 208 Va. 34, 38, 155 S.E.2d 362, 365 (1967). The trial judge nonetheless accepted appellant's counsel's proffer of the expert's analysis as true for the purposes of ruling on the motion. The trial judge "assumed for purpose of argument that affidavits would support the allegations made in the Motion for a New Trial," and found that appellant failed to meet his burden of proof to justify a new trial. Accordingly, both motions were denied.

We conclude that, even if appellant's evidence is viewed in the light most favorable to him, he failed to show that the trial court abused its discretion in denying his motion for a new trial. Accordingly, for the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*

Bray, J., concurred.

Benton, J., concurring and dissenting.

I concur in part in the majority opinion's ruling regarding the bill of particulars. I dissent from the remaining parts of the opinion, and, accordingly, I would reverse the conviction and remand for a new trial.

## I.

The trial judge denied the motion for a bill of particulars because it was not timely. The record reflects that the motion was not "made before a plea [was] entered." Code § 19.2-230. Thus, I would affirm the trial judge's ruling that the motion was not timely. I do not join in the majority's discussion concerning the sufficiency of the indictment.

## II.

Franklin McKinley Yeager's trial counsel offered the following jury instruction:

If you find that there is not a reasonable explanation for the victim's failure to report an alleged rape for a reasonable period after the incident occurred, you may be suspect and doubtful of the truthfulness of the victim's story.

That instruction is a paraphrase of the following statement made by the Supreme Court in *Willis v. Commonwealth*, 218 Va. 560, 563, 238 S.E.2d 811, 813 (1977):

The failure to report an alleged rape by force and violence for an unreasonable period after the incident occurred casts suspicion and doubt on the truthfulness of the story of a prosecutrix unless there is a credible explanation given for such a delay.

The trial judge allowed Yeager's counsel to argue to the jury the matters stated in the refused instruction. The trial judge refused to give the instruction, however, stating that it was a comment on the evidence. I believe the trial judge erred in refusing the instruction or some modified version of it.

The trial judge gave an instruction that informed the jury of its role in determining the credibility of witnesses. That instruction stated:

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony. From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

The given instruction addressed the appearance of the witness, the witness's manner on the stand, and other specific instances that the jury

might have weighed in making an assessment of a witness's credibility. That instruction did not inform the jury that the delay in reporting the incident was also a matter that the jury could have considered as affecting credibility. The law in Virginia, however, recognizes an unexplained delay as a matter that bears on credibility. *See Willis*, 218 Va. at 563, 238 S.E.2d at 813.

In this case, the evidence proved that the first incident for which Yeager was charged occurred in 1989, and the victim first made a report in 1991. Thus, the issue of unreasonable delay was not an abstract matter but, rather, was a matter proved in this case.

> "The purpose of an instruction is to furnish guidance to the jury in their deliberations, and to aid them in arriving at a proper verdict, so far as it is competent for the court to assist them. The chief object contemplated in the charge of the judge is to explain the law of the case, to point out the essentials to be proved on the one side or the other, and to bring into view the relation of the particular evidence adduced to the particular issues involved. In his instructions the trial judge should inform the jury as to the law of the case applicable to the facts in such a manner that they may not be misled."

*Cooper v. Commonwealth*, 2 Va. App. 497, 500, 345 S.E.2d 775, 777 (1986) (quoting 75 Am. Jur. 2d *Trial* § 573 (1974)). " 'Both the Commonwealth and the defendant are entitled to appropriate instructions to the jury of the law applicable to each version of the case, provided such instructions are based upon the evidence adduced.' " *Stewart v. Commonwealth*, 10 Va. App. 563, 570, 394 S.E.2d 509, 514 (1990) (quoting *Simms v. Commonwealth*, 2 Va. App. 614, 616, 346 S.E.2d 734, 735 (1986)).

As recently as its decision in *Jiminez v. Commonwealth*, 241 Va. 244, 402 S.E.2d 678 (1991), the Supreme Court . . . [restated] the following proposition: "[W]hen a principle of law is vital to a defendant in a criminal case, the trial court has an affirmative duty properly to instruct a jury about the matter." *Id.* at 250, 402 S.E.2d at 681. *Jiminez* does not limit the trial court's duty in this regard to situations where the issue constitutes a defendant's sole defense or an element of the crime. Instead, we believe *Jiminez* articulates a guiding principle to be applied to the facts of each case.

*Mery v. Commonwealth*, 12 Va. App. 821, 825, 407 S.E.2d 18, 21 (1991).

In *Willis*, the Supreme Court concluded that a delay of one month was an unreasonable delay in reporting a rape. 218 Va. at 563-64, 238 S.E.2d at 813. Whether the delay was unreasonable was obviously a matter for counsel to argue to the jury. The victim's age was also a matter that counsel could have addressed in arguing whether the reason for the delay was reasonable. *See Corvin v. Commonwealth*, 13 Va. App. 296, 299, 411 S.E.2d 235, 237 (1991). The victim's immaturity, her natural inclination to trust and obey her father, and her testimony that her father had warned her not to tell anyone about the crimes or she would get in trouble, all constituted explanations that could have been argued to explain and justify failure to report the rapes promptly. *See id.* However, whether the failure to report the rape for an unreasonable period after the event, if lacking a reasonable explanation, might be considered in determining the credibility of the witness was a question of law to be instructed by the trial judge. The trial judge failed to inform the jury that under Virginia law the witness's credibility can be affected by an unexplained delay in reporting the incident — an issue unrelated to the specific items stated in the credibility instruction that the trial judge gave to the jury. Thus, contrary to the principle that a "jury should not be left in the dark on [a] subject" that is material and vital to a defendant's case, *Mery*, 12 Va. App. at 826, 407 S.E.2d at 21, the jury in this case was not fully informed on the law of credibility applicable to the facts of this case.

Nothing in the refused instruction comments on the evidence. The refused instruction states the law as it relates to an aspect of credibility. The jury should have been so instructed in conjunction with the credibility instruction that was given and that focused exclusively on the specific instances delineated in that instruction. If, however, the refused instruction might reasonably be deemed to contain language that comments on the evidence, refusal of the instruction was not the trial judge's remedy. This Court has explicitly stated that "[w]e adhere to the rule that the trial court is not required to amend or correct an erroneous instruction, but the rule is subject to the limitation that when the principle of law is materially vital to a defendant in a criminal case, it is reversible error for the trial court to refuse a defective instruction instead of correcting it and giving it in the proper form." *Mery*, 12 Va. App. at 826, 407 S.E.2d at 21 (quoting *Whaley v. Commonwealth*, 214 Va. 353, 355-56, 200 S.E.2d 556, 558 (1973)).

Whatever defect the trial judge may have perceived in the instruction could have been remedied by a modification.

When considering instructions for the jury, the trial judge must be mindful of the following principle:

> The jury is not required to accept, *in toto*, either the theory of the Commonwealth or that of an accused. They have the right to reject that part of the evidence believed by them to be untrue and to accept that found by them to be true. In so doing, they have broad discretion in applying the law to the facts and in fixing the degree of guilt, if any, of a person charged with a crime.

*Belton v. Commonwealth*, 200 Va. 5, 9, 104 S.E.2d 1, 4 (1958). "Therefore, the trial [judge] must instruct on both theories to guide a jury in their deliberations as to the law applicable to the case, depending upon how the jury decides the facts." *Foster v. Commonwealth*, 13 Va. App. 380, 383-84, 412 S.E.2d 198, 200 (1991). The trial judge's failure to give the proffered instruction or some modification of it deprived Yeager of the right to have the jury fully instructed on the law applicable to the facts proved in this case.

### III.

The trial judge erred in refusing to set aside the judgment for the period of time necessary to hold an evidentiary hearing and in refusing to grant the motion for a new trial.

At trial, Yeager offered into evidence two letters purportedly written by the victim to her cousin. The letters were addressed to the cousin and signed with the victim's name. The cousin testified that the victim handed her the letters. The contents of the letters suggest that the victim was sexually active. In rebuttal, the victim testified that she did not write the letters.

In refusing to grant Yeager's motion for a new trial, the trial judge assumed that Yeager obtained the expert analysis of the handwriting after trial. The analysis stated that when compared to other handwriting exemplars offered at trial from the victim, the letters appeared to have been written by the victim.

"[I]f the newly discovered evidence contradicts the factual basis of a witness's testimony, a new trial may be granted when it appears that

the newly discovered evidence has sufficient probative weight to produce a different result on retrial." *Mundy v. Commonwealth*, 11 Va. App. 461, 481, 390 S.E.2d 525, 536, *aff'd en banc*, 399 S.E.2d 29 (Va. App. 1990), *cert. denied*, 502 U.S. 840 (1991) (citation omitted). Moreover, "[i]f the witness sought to be impeached is 'the key prosecution witness,' then a new trial should be ordered, assuming all of the other requirements for a new trial are met." *Whittington v. Commonwealth*, 5 Va. App. 212, 216, 361 S.E.2d 449, 452 (1987) (citation omitted).

As in *Whittington*, Yeager's "conviction rested solely on the [alleged] victim's testimony." *Id.* Although the victim said Yeager raped her, the Commonwealth did not present any medical or physical evidence that corroborated her claim. *See id.* The Commonwealth did present evidence obtained from a physical examination that the alleged victim had engaged in continued sexual activity. However, the DNA testing performed on blood, hair, and spermatozoa samples submitted for analysis did not inculpate Yeager. The testimony of the victim was the only evidence of his guilt.

The trial judge admitted the letters into evidence following a rape shield evidentiary hearing held before trial. The hearing was held on the morning of the trial. The victim's cousin testified that the victim gave her the letter. That the victim would deny authorship of the letters with her signature was not reasonably foreseeable. Thus, the expert's handwriting analysis was not obtained until after the trial. Because of the cost of obtaining a handwriting analysis, it would have been inefficient and unreasonable for Yeager's counsel to have sought a handwriting analysis of the letters prior to the hearing based on speculation that the alleged victim would deny authorship of the letters.

The authenticity of the writing became a crucial issue that bore on the credibility of the victim. If the jury believed the expert's analysis, the statements in the letter would have provided an alternative explanation for the only physical evidence of the alleged offense charged, and, thus, would have "contradict[ed] the factual basis" of the victim's testimony. *Mundy*, 11 Va. App. at 481, 390 S.E.2d at 536. Moreover, the expert's testimony, if believed, would show that the alleged victim committed perjury and would tend to cast doubt upon her credibility. Whether the victim's testimony was to be believed, in light of the newly discovered evidence, was a question to be resolved by a jury and not by the trial judge acting on a motion for a new trial. *Whittington*, 5 Va. App. at 216-17, 361 S.E.2d at 452. If the jury had

not believed the alleged victim's testimony, no evidence pointed to Yeager's guilt. *See id.*

The expert's analysis was after-discovered evidence that tended to impeach the alleged victim's testimony, which was the sole basis supporting the conviction. Consequently, the newly-discovered evidence, if believed, could have resulted in an acquittal. *See id.* at 217, 361 S.E.2d at 453. Accordingly, I would hold that the trial judge abused his discretion in denying a motion for a new trial.

I dissent.