COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Benton and Overton
Argued at Norfolk, Virginia


PATRICK KIRK SCARBOROUGH

                                         MEMORANDUM OPINION[*] BY
v.   Record No. 2073-95-1              JUDGE JAMES W. BENTON, JR.
                                            DECEMBER 31, 1996
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                         Verbena M. Askew, Judge

            Oldric J. LaBell, Jr., for appellant.

            H. Elizabeth Shaffer, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General; Thomas D. Bagwell, Senior Assistant
            Attorney General, on brief), for appellee.


     Patrick Kirk Scarborough was convicted of robbery and

sentenced to ten years in prison.  On appeal, he contends that

the trial judge erred in denying his motion to vacate the

judgment until he could present evidence in support of a new

trial.  For the reasons that follow, we affirm the conviction.

                                  I.

     The evidence at trial proved that on November 5, 1994, at

2:30 p.m., Gloria Wilson was entering her car when a man grabbed

her purse and attempted to pull it away.  Wilson continued to

hold the purse strap and was dragged by the man until the strap

broke.  Wilson yelled as the man escaped in a car with her purse.

     Wilson described the man's facial features and clothing to

_____
     [*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

Detective Richard Gaddis. Several days later, she selected from a photographic spread two persons, one of whom was Scarborough. At trial, when asked whether the man who robbed her was in the courtroom, Wilson stated, "I think that's him right there."

Susan Brown testified that she saw Scarborough in the parking lot and watched him because his clothing was inappropriate for the very warm temperature. After she and her husband passed him and parked their vehicle, she saw him pulling Wilson along the pavement by her purse. They were two parking spaces away. Brown's husband chased Scarborough until Scarborough escaped in an automobile.

After the robbery, Brown immediately selected Scarborough's photograph from an array of photographs. At trial, she positively identified Scarborough as the robber.

Scarborough testified and denied that he was the robber. He testified that on the afternoon of November 5, 1994, he went to visit Sola Kirby, his friend. When he found no one present at her apartment, he then went to visit another friend, Althea Ferguson, at 4:00 p.m. To support his alibi, Scarborough called five witnesses at trial, including Kirby and Ferguson. None, however, were able to testify that they saw him on November 5, 1994.

The trial judge convicted Scarborough of the robbery of Wilson. After considering a presentence report, the trial judge sentenced Scarborough on August 23, 1995.

On September 13, 1995, twenty-one days after sentencing and sixty days after trial, Scarborough's counsel orally moved the trial judge to vacate the judgment order of August 23, 1995, and to grant him an evidentiary hearing on his motion for a new trial. Counsel informed the judge that Scarborough called him on the afternoon of the day he was sentenced and said he had been mistaken about his alibi for the day of the robbery. Scarborough told him that he had been at the home of Tawanda Huff. Counsel informed the judge that counsel had been unable to locate Huff.

In support of the motion, Scarborough testified that he had assumed he was at Kirby's house on the day of the crime. However, he had never contacted Kirby to confirm that fact. Scarborough further testified that Joseph Frump, an inmate in jail with Scarborough, knew that Scarborough had been at Huff's home on November 5. Frump was Huff's friend and recalled Scarborough's presence at Huff's home after Scarborough informed him of his conviction.

The trial judge found that Scarborough's testimony failed to establish that he could not have discovered the evidence earlier. Thus, the trial judge refused to vacate the sentence to allow Scarborough's counsel additional time to locate Huff and present her testimony.

## II.

When Scarborough and his counsel appeared before the trial judge on the twenty-first day after the trial, the trial judge

did not have a written motion for a new trial to consider. Thus, necessarily subsumed in Scarborough's argument that he was entitled to a ruling vacating the judgment is the contention that he made a sufficient showing of a likelihood that he could have presented evidence to satisfy the criteria necessary for a new trial.

> The applicant [who seeks a new trial] bears the burden to establish that the evidence (1) appears to have been discovered subsequent to the trial; (2) could not have been secured for use at the trial in the exercise of reasonable diligence by the movant; (3) is not merely cumulative, corroborative or collateral; and (4) is material, and such as should produce opposite results on the merits at another trial.

Odum v. Commonwealth, 225 Va. 123, 130, 301 S.E.2d 145, 149 (1983) (citations omitted).

We note initially that the record contains no explanation why the request for an evidentiary hearing was not made earlier. Scarborough's counsel proffered to the trial judge that he learned of Scarborough's new alibi on the very day of the sentencing. The record contains no explanation for the delay that caused this matter to be heard on the twenty-first day after sentencing.

More pertinent, however, the record contains no answer to the trial judge's inquiry whether there was a reason why Scarborough could not have discovered the evidence prior to trial. Indeed, on this record the trial judge could have reasonably inferred that scant investigation had occurred before

- 4 -

Scarborough and his five witnesses testified at trial. In addition, at the September hearing, Scarborough's counsel had not located Huff and could not proffer that she could support Scarborough's new alibi at a later hearing. Thus, the record contains no credible evidence or proffer that Scarborough could not have discovered the evidence prior to trial.

Because Scarborough failed to make a <u>prima</u> <u>facie</u> showing that evidence existed to support a motion for a new trial, the trial judge did not err in denying Scarborough's motion to vacate the judgment in order to permit a further hearing. <u>See</u> <u>Yeager v. Commonwealth</u>, 16 Va. App. 761, 766, 433 S.E.2d 248, 251 (1993). Accordingly, we affirm the ruling.

<u>Affirmed</u>.