COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, McClanahan and Petty
Argued at Salem, Virginia


JAMES RICHARD CHRISTOPHER

v.      Record No. 1248-05-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE WILLIAM G. PETTY
DECEMBER 28, 2006


FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
J. Samuel Johnston, Jr., Judge

B. Leigh Drewry, Jr. (Cunningham & Drewry, on brief), for
appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


A jury convicted James Richard Christopher of aggravated sexual battery of a child less than

thirteen years of age, in violation of Code § 18.2-67.3, two counts of forcible sodomy, in violation

of Code § 18.2-67.1, and one count of indecent liberties with a child, in violation of Code

§ 18.2-370. Christopher appeals and argues that the trial court erred when it (1) denied his motion

for a bill of particulars; (2) relied on "unspecific charging documents"; (3) reviewed the victim's

medical and counseling records acquired by subpoena *duces tecum in camera*; (4) relied on the

victim's allegedly "inherently incredible" testimony; and (5) denied his motion to admit the original

indictments into evidence. We disagree and affirm Christopher's convictions.

"On appeal, we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4

Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). In 1998, James Christopher moved in with his

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

girlfriend. Shortly thereafter, he began sexually abusing his girlfriend's nine-year-old daughter. The victim's trial testimony concerning the specific sexual acts she was forced to perform was detailed, but she could not recall the specific dates on which the incidents took place. The victim explained that she did not report the abuse until February of 2004 because Christopher told her not to tell anyone and that her mother would not believe her and would be angry with her. Moreover, Christopher took sexually explicit photographs of the victim, which he used to ensure her compliance.

Christopher submits five questions for our consideration in this appeal. We discuss them below.

## I. BILL OF PARTICULARS AND UNSPECIFIC CHARGING DOCUMENTS

Christopher was originally indicted for one count of sexual battery, ten counts of forcible sodomy, and one count of indecent liberties with a child. Each indictment alleged the date of the offense as "on or about June 1, 1998 to June 4, 2002." Christopher moved for a bill of particulars, seeking, *inter alia*, "[t]he precise day, date, and time of each alleged offense . . . ." In response to Christopher's motion, the Commonwealth stated that it could only provide dates "in a ballpark" due to the victim's young age at the time the crimes occurred. The trial court therefore determined that ordering "the Commonwealth to submit a Bill of Particulars would be meaningless."

At trial, the Commonwealth amended the indictments without objection from Christopher, narrowing the dates on the indecent liberties indictment to September 1, 1998 to June 30, 1999; the dates on the aggravated sexual battery indictment to September 1, 1998 to June 4, 2002; and the dates on the forcible sodomy indictments to September 1, 1998 through June 4, 2002. The trial court eventually dismissed eight of the ten forcible sodomy charges, explaining that while "there was not a sufficient quantum of evidence to allow a jury to consider [the eight charges that the trial

court dismissed]," the Commonwealth presented "a prima facie case to start with and a case that ought to be submitted to the jury . . ." as to two of the counts of forcible sodomy.

Christopher alleges that the date range covered by the indictments prevented him from knowing the "cause and nature of the allegation" against him, arguing that our Supreme Court's decision in Clinebell v. Commonwealth, 235 Va. 319, 368 S.E.2d 263 (1988), misconstrued Code § 19.2-226(6).[1] Similarly, Christopher maintains that the lack of a bill of particulars delineating the precise day, date, and time of each offense in this case undercut his ability to defend himself against the Commonwealth's charges, since he was "incapable of narrowing and focusing the defense case," preventing him from receiving a fair trial.[2] Because these issues are interrelated, we discuss them together.

First, Christopher invites us to overrule our Supreme Court's decision in Clinebell. In Clinebell v. Commonwealth, 3 Va. App. 362, 349 S.E.2d 676 (1986), aff'd in part, rev'd in part, 235 Va. 319, 368 S.E.2d 263 (1988), we held that, when "there is no dispute that the crime . . .

---

[1] Code § 19.2-226(6) states: "No indictment or other accusation shall be quashed or deemed invalid . . . [f]or omitting to state, or stating imperfectly, the time at which the offense was committed when time is not the essence of the offense . . . ."

Code § 19.2-220 states: "The indictment or information shall be a plain, concise and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, and (4) reciting that the accused committed the offense on or about a certain date."

[2] Christopher also sought

> [t]he precise location of each offense; [t]he precise manner in
> which (how) each alleged offense occurred . . . ; [e]ach individual
> present at the alleged commission of each alleged offense; who the
> prosecution will call to prove each alleged offense and a summary
> of each witness' anticipated testimony; and [w]hat devices,
> instruments, and/or body parts were used to commit each alleged
> offense.

However, both at trial and on brief, Christopher's arguments focused on the dates on which the crimes took place. Thus, our review is limited to that issue. Rules 5A:18; 5A:20(e).

involved a minor child . . . [t]he allegation of time . . . is not of such constitutional import because time was not of the essence of the offense charged." Id. at 367, 349 S.E.2d at 678 (citing Waitt v. Commonwealth, 207 Va. 230, 235, 148 S.E.2d 805, 808 (1966); Arrington v. Commonwealth, 87 Va. 96, 99, 12 S.E. 224, 225 (1890)).[3] Our rationale in Clinebell specifically noted the inherent difficulty of proving the specific date of a sexual offense committed by an adult against a child. Id. Our Supreme Court affirmed our holding and rationale regarding the sufficiency of the indictments in Clinebell, 235 Va. at 320, 368 S.E.2d at 263.

Axiomatically, "we are without authority to overrule the Supreme Court of Virginia." Roane v. Roane, 12 Va. App. 989, 991, 407 S.E.2d 698, 699 (1991); see also Bostic v. Commonwealth, 31 Va. App. 632, 636, 525 S.E.2d 67, 68 (2000) ("[W]e are constrained by our previous decisions and those of the Supreme Court."). Thus, based on Clinebell, we hold that the indictments were sufficient to apprise Christopher of the nature of the crimes with which he was charged. See Yeager v. Commonwealth, 16 Va. App. 761, 765, 433 S.E.2d 248, 250 (1993) ("Fundamental fairness is provided if the defendant has notice of the nature of the character of the offense charged.").

We also hold that the trial court did not abuse its discretion when it denied Christopher's motion for a bill of particulars. Christopher was not entitled to a bill of particulars as a matter of right. See Quesinberry v. Commonwealth, 241 Va. 364, 372, 402 S.E.2d 218, 223 (1991); see also Code § 19.2-230 ("A court of record *may* direct the filing of a bill of particulars at any time before

_____

[3] Before the trial court, Christopher argued that our Supreme Court "got it wrong" in Clinebell, alleging its decision was contrary to Va. Const. art. I, § 8. On brief, however, Christopher expands his analysis of Clinebell somewhat, arguing that the Virginia Supreme Court incorrectly used the word "date" in Code § 19.2-226(6) and the word "time" in Code § 19.2-220 interchangeably in Clinebell. Christopher also argues on brief that our Supreme Court usurped the General Assembly's power and created a new class of "pattern offenses" in the Clinebell decision. Since Christpher did not make these arguments before the trial court, we may not consider them for the first time on appeal. Rule 5A:18.

- 4 -

trial." (emphasis added)).  Rather, "[w]hether the Commonwealth is required to file a bill of particulars rests within the discretion of the trial court."  Quesinberry, 241 Va. at 372, 402 S.E.2d at 223.

An accused is entitled to a bill of particulars "only when the indictment is insufficient to notify the accused of the nature and character of the charges so he can make his defense."  Yeager, 16 Va. App. at 764-65, 433 S.E.2d at 250 (citing Strickler v. Commonwealth, 241 Va. 462, 490, 404 S.E.2d 227, 233 (1991)).  As discussed *supra*, the indictments were sufficient under the decisions of our Supreme Court.  Moreover, the trial court considered the parties' arguments regarding the motion for a bill of particulars and determined that the Commonwealth had provided all of the information it had to Christopher.  The trial court did not abuse its discretion by relying on the indictments and denying Christopher's motion for a bill of particulars.

## II.  MEDICAL AND COUNSELING RECORDS

Christopher argues the trial court erred when it granted the Commonwealth's motion to review the victim's medical and counseling records *in camera*, rather than allowing him to review them.  We hold Christopher is procedurally barred from making this argument since he failed to make a timely objection to the *in camera* review.[4]

Prior to trial, Christopher obtained two subpoenas *duces tecum* seeking the victim's medical and counseling records.  The Commonwealth moved to quash both subpoenas, or, in the alternative, sought an *in camera* review of the records to determine their "evidentiary value."  At a pretrial

---

[4] Christopher included three subpoenas *duces tecum* in the joint appendix.  On brief, he does not specifically state whether he believed the trial court erred in handling all the subpoenas or one subpoena.  In his brief, however, Christopher discusses the importance of "the lack of information in the medical records" to his defense, and mentions the counseling records briefly. He does not make any argument regarding the other subpoena.  Therefore, we limit our discussion in this opinion to the subpoenas *duces tecum* served upon Women's Health Services of Central Virginia and the Madeline Center, since Christopher did not include "argument [] and authorities relating to" the other subpoena *duces tecum*.  Rule 5A:20(e).

hearing, the trial court determined that the "proper way" to address the counseling records was to conduct an *in camera* review of them and provide Christopher with any "exculpatory evidence." In response to the trial court's determination, Christopher responded, "Judge, I would gladly accept an *in camera* review of them . . . ." The trial court subsequently entered an order denying the motion to quash as to the counseling records, memorializing its ruling from the bench. Later, the trial court issued an identical order regarding the victim's medical records. Christopher endorsed both orders as "Seen."

According to Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling." This rule prevents unfairness to the opposing party "who may have been able to offer an alternative to the objectionable ruling, but did not do so, believing there was no problem." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991). Further, it is well settled that the endorsement of an order as "'Seen,' without more, is not sufficient to preserve that party's right to appeal." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (citing Langley v. Meredith, 237 Va. 55, 61-62, 376 S.E.2d 519, 522 (1989)).

The record is devoid of any objection by Christopher to the trial court's *in camera* review of these records. On the contrary, Christopher "gladly accept[ed]" the trial court's *in camera* review of the counseling records during a pretrial hearing, and Christopher endorsed the trial court's orders directing the *in camera* review of both the medical and counseling records as "Seen." Christopher did not communicate any objection to the *in camera* review of the medical records until immediately prior to sentencing, after the jury had returned its verdict. See Rule 3A:9(b)(2) ("[A]ny defense or objection that is capable of determination without the trial of the general issue may be raised by motion before trial. Failure to present any such defense or objection before the jury returns a verdict or the court finds the defendant guilty shall constitute a waiver thereof.").

Here, neither the trial court nor the Commonwealth was given an opportunity to address this issue during the trial, and we may not consider it for the first time on appeal.

## III. VICTIM'S CREDIBILITY

Christopher maintains the trial court erred in its assessment of the victim's credibility. The "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination," Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 170 (1999), and we will not disturb a conviction unless it is plainly wrong or unsupported by the evidence. Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985). Again, we hold Christopher is procedurally barred from presenting this issue to this Court, because he did not present any legal argument or authority as to why we should deviate from our standard of review.

Rule 5A:20(e) requires appellants to include "[t]he principles of law, the argument, and the authorities relating to each question presented." Christopher did not cite a single case or statute in this section of his brief. Rather, his argument consists of mere assertions that the victim's testimony is incredible. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992); see also Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*) (explaining it is not this Court's "function to . . . ferret-out for ourselves the validity of [appellant's] claims").

## IV. ADMISSION OF ORIGINAL INDICTMENTS

Finally, Christopher argues the trial court erred in refusing to admit the original indictments into evidence.

At trial, Christopher did not offer any justification for the admission of the indictments. On brief, however, Christopher argues that the original indictments were relevant to his defense "to show the jury the prosecution did not know if oral or anal sodomy had transpired or when the alleged events may have occurred." Christopher also contends that "[t]he exhibit was . . . designed to demonstrate the broad net the prosecution had cast with the number of alleged offenses." Because Christopher did not make these arguments to the trial court, we will not consider them for the first time on appeal. See Rule 5A:18.

## V. CONCLUSION

Based on the foregoing discussion, we affirm Christopher's convictions.

Affirmed.