## Richmond

### Henry Lee Willis, Jr. v. Commonwealth of Virginia

November 23, 1977.

Record No. 770424.

Present: All the Justices.

### Harold Lewis Bell, Jr. v. Commonwealth of Virginia

November 23, 1977.

Record No. 770436.

Present: All the Justices.

*J. Michael Gamble (Pendleton, Janour and Gamble*, on brief), for plaintiff in error.

*Jerry P. Slonaker, Assistant Attorney General (Anthony F. Troy, Attorney General*, on brief), for defendant in error. (Record No. 770424).

*Kenneth W. Farrar*, for plaintiff in error.

*Jerry P. Slonaker, Assistant Attorney General (Anthony F. Troy, Attorney General*, on brief), for defendant in error. (Record No. 770436).

I'ANSON, C.J., delivered the opinion of the Court.

Defendants, Henry Lee Willis, Jr. and Harold Lewis Bell, Jr., were charged in separate indictments alleging that on May 9, 1976 they did rape one Ender Bell, a female over the age of 13 years, against her will and by force. The two cases were tried together by a jury, and each defendant was found guilty and sentenced in accordance with the jury's verdicts to five years in the penitentiary.

The sole question presented on this appeal is whether the evidence is sufficient to sustain the convictions. The Commonwealth contends that the uncorroborated testimony of the prosecutrix is sufficient to support the convictions. On the other hand, the defendants contend that the evidence of the prosecutrix is inherently incredible or so contrary to human experience that it is unworthy of belief.

The evidence, stated in the light most favorable to the Commonwealth, shows that the prosecutrix, Ender Bell, was a 65-year-old woman who had never married. The defendants, Willis and Bell, were 25 years of age and 22 years of age, respectively. The offenses were alleged to have occurred on May

9, 1976, at the prosecutrix's home near Fostertown in Amherst County.

On the morning of May 9, the defendant Bell had breakfast in the home of his cousin, the prosecutrix. At that time, the defendant Bell agreed to take the prosecutrix and her friend and neighbor, Amy Gray, in his automobile to a ball game near Charlottesville. The parties attended the ball game and returned to Fostertown late in the afternoon. The women got out of the car and went to their respective homes.

The prosecutrix testified that when she arrived home she prepared her dinner and straightened up her house. She went upstairs just before dark. Shortly thereafter, the defendants came into her home and proceeded upstairs. According to the prosecutrix's statements on direct examination, the defendants pulled her clothes off, tied her hands to the bed, and proceeded to rape her. She said the defendant Willis raped her first and left the house. Then defendant Bell raped her. On cross-examination, the prosecutrix was reminded that in the preliminary hearing in the district court she stated that the defendant Bell raped her first. In explaining the inconsistency she said she must have been "crazy" or nervous when she testified at that hearing. It was also pointed out to the prosecutrix during cross-examination that she had testified at the preliminary hearing the defendants wrestled with her downstairs before going upstairs. She responded that she could not remember whether it had been upstairs or downstairs.

Contrary to her statement on direct examination that the defendants pulled her clothes off, prosecutrix stated on cross-examination that she did not have any clothes on when the defendants came upstairs. On redirect examination, she said that she did have her clothes on. Upon further cross-examination, she stated that she was not wearing any clothes. She also stated that after the rape, she remained upstairs and "went to sleep."

Prosecutrix further testified that she did not report the offense that night because she was afraid to go out in the dark. The nearest home was about 100 yards where her friend Amy Gray lived. However, she did not report the offenses until nearly a month later when someone [1] came to her, told her that he had

---

1. The record does not identify the person, but it may be inferred from the record that he was sheriff of the county or a deputy.

heard about the incident, and asked if she wanted to have warrants issued against the defendants. This resulted in the issuance of the warrants of arrest. She offered no explanation why she had not reported the offenses earlier. She further testified that shortly after the warrants were issued, she attempted to withdraw them at the suggestion of one of her two daughters. At the preliminary hearing, she said that she tried to withdraw the warrants because she was scared.

Prosecutrix was asked on cross-examination if she had seen and talked to the defendants after the alleged offenses. She first refused to answer the question, but when reminded of her testimony at the preliminary hearing she admitted seeing and talking with the defendants several days after the alleged offenses and asking them if they had heard about the "stuff going around."

There was evidence in the record that the prosecutrix's reputation in the community for truthfulness was "low."

■ A conviction of rape may be sustained on the uncorroborated testimony of a prosecutrix if her evidence is credible, and the guilt of the accused is believed by the jury beyond a reasonable doubt. *Addington* v. *Commonwealth*, 161 Va. 975, 978, 170 S.E. 565, 566 (1933). But we have repeatedly said that it is not sufficient to warrant a verdict of guilty beyond a reasonable doubt if the evidence is inherently incredible, or so contrary to human experience or to usual human behavior as to render it unworthy of belief. *Barker* v. *Commonwealth*, 198 Va. 500, 503, 95 S.E.2d 135, 137 (1956); *Young* v. *Commonwealth*, 185 Va. 1032, 1033, 40 S.E.2d 805 (1947); *Legions* v. *Commonwealth*, 181 Va. 89, 92, 23 S.E.2d 764, 765 (1943); *Vance* v. *Commonwealth*, 155 Va. 1028, 1032, 154 S.E. 512, 513 (1930).

■ The failure to report an alleged rape by force and violence for an unreasonable period after the incident occurred casts suspicion and doubt on the truthfulness of the story of a prosecutrix unless there is a credible explanation given for such a delay. *Brogy* v. *Commonwealth*, 51 Va. (10 Gratt.) 722, 725-26 (1853). *See also Broaddus* v. *Commonwealth*, 126 Va. 733, 748, 101 S.E. 321, 325-26 (1919).

■ In the present case, the testimony, wholly uncorroborated, of the prosecutrix is replete with contradictions and inconsistencies. When her testimony is considered along with

her unexplained failure to report the alleged rapes for nearly a month, and her attempt to withdraw the warrants that had been secured, her story is incredible as a matter of law.

We are not unmindful of the weight to be accorded a jury's verdict which has been approved by the trial court, but we have repeatedly said that we are not required to believe that which we know to be inherently incredible or contrary to human experience or to usual behavior. *Legions* v. *Commonwealth*, 181 Va. at 92, 23 S.E.2d at 765, and the cases there cited.

Consideration of all the evidence in these cases leads us to the conclusion that the defendants' guilt has not been established beyond a reasonable doubt.

For the reasons stated, the judgments are reversed and the cases remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*