Present:  All the Justices

COMMONWEALTH OF VIRGINIA

OPINION BY JUSTICE LEROY R. HASSELL, SR.

v.  Record No. 012316          September 13, 2002

ERNEST OLIVER HILL, JR.

FROM THE COURT OF APPEALS OF VIRGINIA

I.

In this appeal, we consider whether a criminal defendant who was indicted for non-capital offenses was entitled to ask members of the jury panel during voir dire about the range of punishment that could be imposed upon him in the event he was found guilty.

II.

Ernest Oliver Hill, Jr., was indicted by a grand jury of the City of Richmond for rape in violation of Code § 18.2-61, forcible sodomy in violation of Code § 18.2-67.1, statutory burglary in violation of Code § 18.2-91, and robbery in violation of Code § 18.2-58.  During the voir dire of the jury panel, the following colloquy occurred among defendant's counsel, the Commonwealth's Attorney, a member of the panel, and the Court:

> "[DEFENDANT'S ATTORNEY]:  You could give [the defendant] a fair trial?
>
> "[MEMBER OF THE VENIRE]:  Yes, I could.
>
> "[DEFENDANT'S ATTORNEY]:  . . . . You heard [the Commonwealth's Attorney] state the charge.  I

just want to ask you if you can consider the full range of penalty for the charges?  The charges carry a minimum of five years to —

"[COMMONWEALTH'S ATTORNEY]:  Objection.

"THE COURT:  Objection sustained.  You can have your exception.  Let's move on.

"[DEFENDANT'S ATTORNEY]:  Judge, my client has a right to a fair and impartial jury under his Fourth and Sixth Amendment [r]ights.

"THE COURT:  I am very familiar with those. All right.  Let's move on.

"[DEFENDANT'S ATTORNEY]:  If I can just preserve for the record.  He has the right to an impartial jury that is impartial not only to the issue of guilt but also the question of punishment, and I should be able to —

"THE COURT:  I have ruled.  Don't argue.  Take your exception and go on to your next question."

A jury was selected, and the jury found the defendant guilty of the crimes charged in the indictment and fixed his punishment as follows:  ten years imprisonment for statutory burglary, 40 years imprisonment for sodomy, 20 years imprisonment for robbery, and 40 years imprisonment for rape. The circuit court entered a judgment confirming the verdict.

The defendant appealed the judgment to the Court of Appeals and asserted that he was entitled to ask the jury panel during voir dire about the range of punishment that could be imposed upon him.  The Court of Appeals reversed the judgment of the circuit court and held that the defendant was

2

denied a fair and full opportunity to ascertain whether the prospective jurors stood indifferent in the cause because he was not permitted to question them about the range of punishment that could be imposed upon him.  Hill v. Commonwealth, 36 Va. App. 375, 381, 550 S.E.2d 351, 354 (2001).  The Commonwealth appeals.

## III.

The Commonwealth argues that a defendant does not have a constitutional or statutory right to question members of a jury panel about the range of punishment in a non-capital case.  Responding, the defendant asserts that he was entitled to question the members of the jury panel about their potential biases, including any bias that may relate to the range of punishment.  We disagree with the defendant.

The right of an accused to a trial by an impartial jury is a right guaranteed by the Constitution of the United States and the Constitution of Virginia.  U.S. Const. amends. VI and XIV; Va. Const. art. I, § 8.  Code § 8.01-358, which encompasses these guarantees of an accused's right to a trial by an impartial jury, states in part:

> "The court and counsel for either party shall have the right to examine under oath any person who is called as a juror therein and shall have the right to ask such person or juror directly any relevant question to ascertain whether he is related to either party, or has any interest in the cause, or has expressed or formed any opinion, or is

3

sensible of any bias or prejudice therein; and the
party objecting to any juror may introduce any
competent evidence in support of the objection; and
if it shall appear to the court that the juror does
not stand indifferent in the cause, another shall be
drawn or called and placed in his stead for the
trial of that case."

See also Rule 3A:14; Green v. Commonwealth, 262 Va. 105, 115, 546 S.E.2d 446, 451 (2001); Martin v. Commonwealth, 221 Va. 436, 444, 271 S.E.2d 123, 128-29 (1980); Breeden v. Commonwealth, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976).

A defendant, however, does not have an unlimited constitutional or statutory right to propound any question to a jury panel.  Rather, the questions propounded during voir dire must be relevant to the factors prescribed in Code § 8.01-358.  We have stated:

"The test of relevancy is whether the questions
relate to any of the four criteria set forth in the
statute.  If an answer to the question would
necessarily disclose, or clearly lead to the
disclosure of the statutory factors of relationship,
interest, opinion, or prejudice, it must be
permitted.  Questions which go beyond this standard
are entirely within the trial court's discretion.
Davis v. Sykes, 202 Va. 952, 121 S.E.2d 513 (1961).
     "A party has no right, statutory or otherwise,
to propound any question he wishes, or to extend
voir dire questioning ad infinitum.  The court must
afford a party a full and fair opportunity to
ascertain whether prospective jurors 'stand
indifferent in the cause,' but the trial judge
retains the discretion to determine when the parties
have had sufficient opportunity to do so."

LeVasseur v. Commonwealth, 225 Va. 564, 581, 304 S.E.2d 644, 653 (1983), cert. denied, 464 U.S. 1063 (1984); accord Goins

4

v. Commonwealth, 251 Va. 442, 458, 470 S.E.2d 114, 125, cert. denied, 519 U.S. 887 (1996); Buchanan v. Commonwealth, 238 Va. 389, 401, 384 S.E.2d 757, 764-65 (1989), cert. denied, 493 U.S. 1063 (1990); Mackall v. Commonwealth, 236 Va. 240, 251, 372 S.E.2d 759, 766 (1988), cert. denied, 492 U.S. 925 (1989).

We hold that in a non-capital case, neither the defendant nor the Commonwealth has a constitutional or statutory right to question a jury panel about the range of punishment that may be imposed upon the defendant.  Questions about the range of punishment are not relevant to any of the factors prescribed in Code § 8.01-358, those factors being relationship to the parties, interest in the cause, the formation of any opinions about the cause, or bias or prejudice therein.  Rather, questions about the range of punishment during voir dire examination will only result in speculation by jury panel members.  Their responses to questions about the range of punishment would be speculative because the jurors would be required to answer these questions in a factual vacuum, without the benefit of the evidence that would be presented to them during the guilt and sentencing phases of the trial.  For example, the members of the jury panel would be required to answer these questions without knowledge of the facts surrounding the charged crimes and the defendant's criminal history or lack thereof.

We recognize, as the defendant properly observes, that in a capital murder case in which a defendant can be subjected to the death penalty, the parties are entitled to ask the members of the jury panel "whether they be unalterably in favor of, or opposed to, the death penalty in every case." Morgan v. Illinois, 504 U.S. 719, 735 (1992). However, in this case, unlike in a capital murder case, we are not concerned with whether a potential juror would automatically impose, or refuse to impose, the death penalty upon the conviction of any defendant. And, we note that the trial of a capital murder case in which a defendant may be subject to the penalty of death is qualitatively different from non-capital cases. See Lankford v. Idaho, 500 U.S. 110, 125 n. 21 (1991); Zant v. Stephens, 462 U.S. 862, 884-85 (1983).

IV.

In summary, we hold that neither the defendant nor the Commonwealth in a non-capital criminal prosecution has a constitutional or statutory right to ask the members of a jury panel questions about the range of punishment that may be imposed upon a defendant if he is ultimately convicted of the crimes charged or of lesser included offenses. In view of this holding, we need not consider the litigants' remaining contentions. Accordingly, we will reverse the judgment of the

6

Court of Appeals, and we will reinstate the judgment of the circuit court.

Reversed and final judgment.