COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Clements and Agee
Argued at Richmond, Virginia


JOSEPH ISAAC McDONALD

MEMORANDUM OPINION* BY
v.   Record No. 1853-01-2     JUDGE JEAN HARRISON CLEMENTS
                              OCTOBER 22, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Thomas N. Nance, Judge

Craig W. Stallard, Assistant Public Defender
(Office of the Public Defender, on brief),
for appellant.

Virginia B. Theisen, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Joseph Isaac McDonald was indicted and convicted in a jury

trial of two counts of robbery, in violation of Code § 18.2-58,

and two counts of use of a firearm in the commission of robbery,

in violation of Code § 18.2-53.1.  The sole issue on appeal is

whether the trial court erred in not permitting McDonald to

examine the prospective jurors during voir dire with respect to

the specific sentencing ranges for the charged offenses.  Finding

no error, we affirm the convictions.

As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

During voir dire, McDonald sought to inform the members of the jury panel of the specific statutory range of punishment for each of the charged offenses.  Ruling that such information was "not relevant at this point in the case," the trial court refused to permit McDonald to discuss the specific sentencing ranges.  The trial court did, however, permit McDonald to inquire generally about the prospective jurors' ability to consider the full range of potential punishment.

McDonald contends the trial court's refusal to permit him to examine the prospective jurors with respect to the specific penalty ranges denied him the opportunity to determine their impartiality on the question of punishment.  Thus, he concludes, his constitutional and statutory rights to an impartial jury were denied.

During the pendency of this appeal, the Supreme Court issued its opinion in Commonwealth v. Hill, 264 Va. 315, 568 S.E.2d 673 (2002), which is fully dispositive of the instant case.  The Court held in Hill that

> neither the defendant nor the Commonwealth in
> a non-capital criminal prosecution has a
> constitutional or statutory right to ask the
> members of a jury panel questions about the
> range of punishment that may be imposed upon
> a defendant if he is ultimately convicted of

-

        the crimes charged or of lesser included
        offenses.

Id. at 320, 568 S.E.2d at ___.

        Thus, because the case before us is not a capital case, we hold the trial court did not err in not permitting McDonald to examine the members of the jury panel during voir dire about the specific sentencing ranges for the charged offenses.  Accordingly, we affirm McDonald's convictions.

                                                    Affirmed.

-