COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Humphreys
Argued at Richmond, Virginia


SEAN CHRISTOPHER BOEHRINGER

                                          MEMORANDUM OPINION[*] BY
v.    Record No. 1219-01-2          JUDGE ROSEMARIE ANNUNZIATA
                                            NOVEMBER 12, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Thomas N. Nance, Judge

              William P. Irwin, V (Bowen, Bryant, Champlin
              & Carr, on brief), for appellant.

              Steven A. Witmer, Assistant Attorney General
              (Randolph A. Beales, Attorney General, on
              brief), for appellee.


     Sean Christopher Boehringer was convicted by a jury of

possession of cocaine, in violation of Code § 18.2-250, and

possession of a firearm while in possession of cocaine, in

violation of Code § 18.2-308.4.  The jury fixed his sentences at

thirty days and five years in prison, respectively, which the

trial court imposed.  Boehringer appeals from the decision of

the court, contending 1) the court erroneously denied his

request to question members of the jury panel about the range of

punishment applicable in his case, and 2) the evidence was not

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

sufficient to establish guilt beyond a reasonable doubt.  We find no error and affirm.

## I.

### Background

On December 28, 2000, Officers Steve Durham and Brian Hixson patrolled the Midlothian Village Apartments in an unmarked police car.  The apartments are in a high-crime, high-drug area.  The management had posted a "no trespassing" sign, which they asked the Richmond police to enforce.

At about 3:25 p.m., the officers saw a blue minivan drive into the complex.  As they drove through the complex, Officer Durham saw two men on the stairs between the second and third floor landings of one of the buildings.  When the men noticed Officer Durham, they started towards the third floor. The officers exited their vehicle and followed them.  Officer Durham climbed the rear stairs of the building, and Officer Hixson climbed the front stairs.  Durham saw Robert Rodriguez knocking on an apartment door and Boehringer in the stairwell at the front of the building, a few steps below the top of the stairs. Boehringer kneeled and moved his right hand as though he were placing an item on one of the steps.

Officer Hixson arrived at the top of the stairs and asked Boehringer what he was doing on the property.  Boehringer responded that he was looking for "Paul," but could not provide

-

a last name, address, or apartment location for "Paul." Hixson arrested him for trespassing.

Officer Durham directed Officer Hixson to the area where Boehringer had made the hand motion. Hixson recovered a folded dollar bill wrapped around a substance he believed to be crack cocaine. The item was later determined to be cocaine. Hixson led Boehringer to the bottom of the stairs and read him his Miranda rights. Upon searching him incident to his arrest, Hixson found a set of keys in Boehringer's pants pocket.

After Officer Hixson found a Plymouth key in Boehringer's pocket, he asked Boehringer if the Plymouth van he had observed earlier belonged to him. The defendant did not respond. Officer Hixson asked if the keys fit the van. Boehringer said, "Maybe." Hixson then asked if Boehringer had anything of value in the van. He responded, "Yeah, I have some tools in there. Can you lock it up?"

When Officer Hixson approached the van, through the window, he saw a crushed aluminum can, which he believed had been manipulated into a cocaine smoking device. He also observed ash and residue on the top of the can. Based on his observations, Officer Hixson decided to search the van for other contraband. First, he verified that the keys found in Boehringer's pocket fit the door lock and the vehicle's ignition. While searching, he found a gray plastic tarp under a camouflage jacket. He opened the tarp and found a twelve-gauge pistol-grip shotgun

-

with the barrel removed from the stock.  He also found an assault rifle wrapped in a jacket, as well as a thirty-round magazine with ammunition for the rifle.

Officer Hixson took Boehringer to the station for processing.  On the way, Boehringer asked, "What did you find in the van?  Just the can?"  Hixson responded, "Yes.  And you know what else I found?"  In response, the defendant nodded.  The defendant later told Hixson the van belonged to his girlfriend.

## II.

### Analysis

#### A.  Informing Jury of Sentencing Ranges

Boehringer contends that the trial court erred by prohibiting questions to the jury panel during voir dire about the mandatory minimum penalty for possession of a firearm while in possession of cocaine.[1]  He reasons that the jury's determination of guilt in a bifurcated trial could be improperly effected by their uninformed beliefs about the sentence that could be imposed. The issue Boehringer raises is controlled by the decision of the Virginia Supreme Court in Commonwealth v. Hill, 264 Va. 315, 568 S.E.2d 673 (2002).

---

[1] Defendant also presents the question that the jury should have been informed of the sentencing range for possession of cocaine.  However, because he does not support this contention with argument or authority, we do not address it.  See Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

-

In Hill, the Court held:

> [I]n a non-capital case, neither the defendant nor the Commonwealth has a constitutional or statutory right to question a jury panel about the range of punishment that may be imposed upon the defendant.  Questions about the range of punishment are not relevant to any of the factors prescribed in Code § 8.01-358, those factors being relationship to the parties, interest in the cause, the formation of any opinions about the cause or bias, or prejudice therein. [Such] questions . . . will only result in speculation by jury panel members.

Hill, 264 Va. at 319, 568 S.E.2d at 676.  We, accordingly, find the trial court did not err in prohibiting questions relating to punishment during voir dire.

### B.  Sufficiency of the Evidence

When the sufficiency of the evidence is challenged on appeal, "[w]e view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible from the evidence."  Cooper v. Commonwealth, 31 Va. App. 643, 646, 525 S.E.2d 72, 73 (2000).  The appellate court must, therefore, "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn" from the credible evidence. Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998).  The credibility of the witnesses and the weight of the evidence are matters to be determined solely by the trier of

-

fact.  See Swanson v. Commonwealth, 8 Va. App. 376, 378-79, 382 S.E.2d 258, 259 (1989).  Furthermore, the findings of the trial court will not be disturbed unless plainly wrong or without evidence to support them.  See McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc).

Constructive possession of contraband may be established by evidence of:

> acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the [contraband] and that it was subject to his dominion and control.

Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) (en banc) (citation omitted); see also Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975).  Furthermore,

> occupancy of a vehicle . . . where [contraband is] found is a circumstance that may be considered together with other evidence tending to prove that the owner or occupant exercised dominion and control over items in the vehicle or on the premises in order to prove that the owner or occupant constructively possessed the contraband . . . . [P]roof that a person is in close proximity to contraband is a relevant fact that, depending on the circumstances, may tend to show that, as an owner or occupant of property or of a vehicle, the person necessarily knows of the presence, nature and character of [the contraband] that is found there.

Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992) (citation omitted); see also Grier v. Commonwealth, 35

-

Va. App. 560, 570, 546 S.E.2d 743, 747 (2001) (citation omitted).

"Circumstantial evidence of possession is sufficient to support a conviction provided it excludes every reasonable hypothesis of innocence." Spivey v. Commonwealth, 23 Va. App. 715, 724, 479 S.E.2d 543, 548 (1997). Moreover, "[t]he Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned, or placed the [contraband in the location in question]." Brown v. Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992).

In this case, Boehringer's proximity and relationship to the contraband, his occupancy of a vehicle in which drug paraphernalia and firearms were found, his conduct when pursued and then questioned by the police, and his demonstrated guilty knowledge when questioned about the firearms in his vehicle concur in establishing his guilt beyond a reasonable doubt. When the officers first observed Boehringer, he distanced himself from them. When they approached him, Boehringer knelt and discarded an item on the step where he was located, which subsequently was found to be cocaine wrapped in a dollar bill. When questioned about his presence at the apartment complex, Boehringer lied about his reasons for being there. When Officer Hixson asked if the keys from Boehringer's pocket fit the Plymouth van, Boehringer responded, less than candidly, "Maybe."

-

Finally, Boehringer's affirmative nod in response to Officer Hixson's comment,"you know what else I found [in the van]," supports the inference that he was aware the firearms were in the van.  "[T]he combined force of [these] concurrent and related circumstances . . . lead[s] a reasonable mind inescapably to [the] conclusion [that Boehringer possessed the cocaine and firearms]."  Shurbaji v. Commonwealth, 18 Va. App. 415, 423, 444 S.E.2d 549, 553 (1994) (internal quotation and citation omitted); see also Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (holding that appellate court reviewing the sufficiency of the evidence of a defendant's awareness of the presence and character of a controlled substance and his dominion over it must consider the totality of the circumstances).  For the foregoing reasons, the convictions are affirmed.

Affirmed.