COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued at Alexandria, Virginia


ROBERT DOMINIC CIVITELLO, SR.

MEMORANDUM OPINION[*] BY
v.   Record No. 1963-01-2     JUDGE ROBERT J. HUMPHREYS
                                  JANUARY 7, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
J. Peyton Farmer, Judge Designate

Douglas Foord, Assistant Public Defender
(Office of the Public Defender, on brief),
for appellant.

Robert H. Anderson, III, Senior Assistant
Attorney General (Jerry W. Kilgore, Attorney
General; Margaret W. Reed, Assistant
Attorney General, on brief), for appellee.


Robert Dominic Civitello, Sr. appeals his convictions, after

a jury trial, for twenty separate counts of taking indecent

liberties with a child, seven separate counts of aggravated sexual

battery, three separate counts of forcible sodomy, three separate

counts of child pornography, one count of rape, and one count of

attempted sodomy.[1]  Civitello contends the trial court erred 1) in

_____

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this opinion has
no precedential value, we recite only those facts essential to
our holding.

[1] We note that Civitello was indicted for two counts of
forcible sodomy, in violation of Code § 18.2-67.1 and two counts

granting the Commonwealth's motion to allow two child witnesses to testify via closed-circuit television; 2) in sustaining the Commonwealth's objection to his inquiries on voir dire concerning the prospective jurors' duty to consider the full range of punishment; and 3) in finding the evidence sufficient, as a matter of law, to support the convictions. For the following reasons, we affirm the judgment of the trial court, but remand with instructions to the trial court to correct a clerical error appearing in the July 16, 2001 sentencing order.[2]

On appeal, Civitello first contends the trial court erred in granting the Commonwealth's motion, pursuant to Code § 18.2-67.9, requesting to use two-way closed-circuit television to present the testimony of the child victims. Specifically, Civitello contends the trial court erred in finding that complaining witnesses, K.P.

of attempted forcible sodomy, in violation of Code § 18.2-67.5. However, the jury convicted Civitello of three counts of forcible sodomy. Indictment Number CR00-78 specifically states that the charge listed therein is for "unlawfully and feloniously attempt[ing] to commit sodomy . . . in violation of Va. Code Section 18.2-67.5." Nevertheless, the jury verdict form pertaining to this indictment number states "[w]e the jury find the defendant guilty of sodomy of a child . . . as charged in the indictment in CR00-78." The conviction order similarly states that on case number CR00-78 Civitello was found guilty of the offense of "forcible sodomy," in violation of Code § 18.2-67.1. This appears to be error. However, Civitello has raised no such claim on appeal. Accordingly, we do not address the issue.

[2] Specifically, the sentencing order reflects that Civitello was sentenced for "5 years for Case No. CR00-88." However, the record demonstrates that the jury found Civitello not guilty of that particular offense.

-

and M.W., were substantially unable to communicate about the offenses, as contemplated by Code § 18.2-67.9, and therefore, permitting them to testify via closed-circuit television.  We disagree.

"When reviewing the decisions of the trial court, we give great weight to the court's factual findings, which will not be disturbed on appeal unless plainly wrong or without evidence to support them."  Parrish v. Commonwealth, 38 Va. App. 607, 613, 567 S.E.2d 576, 578 (2002).  Furthermore, "we consider all the evidence, and any reasonable inferences fairly deducible therefrom, in the light most favorable to the party that prevailed at trial, which is the Commonwealth in this case."  Toliver v. Commonwealth, 38 Va. App. 27, 31, 561 S.E.2d 743, 745 (2002).  Code § 18.2-67.9 provides as follows, in relevant part:

> B.  The court may order that the testimony of the child be taken by closed-circuit television as provided in subsection A if it finds that the child is unavailable to testify in open court in the presence of the defendant, the jury, the judge, and the public, for any of the following reasons:
>
> 1.  The child's persistent refusal to testify despite judicial requests to do so;
>
> 2.  The child's substantial inability to communicate about the offense; or
>
> 3.  The substantial likelihood, based upon expert opinion testimony, that the child will suffer severe emotional trauma from so testifying.
>
> Any ruling on the child's unavailability under this subsection shall be supported by

-

the court with findings on the record or with written findings in a court not of record.

The trial court here based its decision upon subsection (B)(2), the children's "substantial inability to communicate about the offense."

As Civitello recognizes, in Maryland v. Craig, 497 U.S. 836 (1990), the United States Supreme Court upheld a statute similar to Code § 18.2-67.9 holding that

> if the State makes an adequate showing of necessity, the state interest in protecting child witnesses from the trauma of testifying in a child abuse case is sufficiently important to justify the use of a special procedure that permits a child witness in such cases to testify at trial against a defendant in the absence of face-to-face confrontation with the defendant.

497 U.S. at 855. However, the Court went on to state that:

> [t]he requisite finding of necessity must, of course, be a case-specific one: the trial court must hear evidence and determine whether use of the one-way closed circuit television procedure is necessary to protect the welfare of the particular child witness who seeks to testify. The trial court must also find that the child witness would be traumatized, not by the courtroom generally, but by the presence of the defendant. Denial of face-to-face confrontation is not needed to further the state interest in protecting the child witness from trauma unless it is the presence of the defendant that causes the trauma. In other words, if the state interest were merely the interest in protecting child witnesses from courtroom trauma generally, denial of face-to-face confrontation would be unnecessary, because the child could be permitted to testify in

-

less intimidating surroundings, albeit with the defendant present. Finally, the trial court must find that the emotional distress suffered by the child witness in the presence of the defendant is more than <u>de minimis</u>, i.e., more than "mere nervousness or excitement or some reluctance to testify." We need not decide the minimum showing of emotional trauma required for use of the special procedure, however, because the Maryland statute, which requires a determination that the child witness will suffer "serious emotional distress such that the child cannot reasonably communicate," § 9-102(a)(1)(ii), clearly suffices to meet constitutional standards.

<u>Id.</u> at 855-56 (citations omitted).

Civitello claims that, here, the testimony established nothing more than that K.P. and M.W. were scared or "nervous" about testifying in general. Thus, Civitello contends that the trial court's holding, based upon Code § 18.2-67.9, violated his Sixth Amendment right of confrontation.

Assuming without deciding that such a contention would be cognizable pursuant to <u>Craig</u>, we find that Civitello failed to properly preserve any constitutional claim with regard to the trial court's application of the statute. Indeed, Civitello raised no such claim below. Instead, he argued that the Commonwealth failed to establish the requisite showing under the statute. Accordingly, we do not address Civitello's constitutional claim. <u>See</u> Rule 5A:18; <u>see</u> <u>also</u> <u>Andrews v. Commonwealth</u>, 37 Va. App. 479, 493, 559 S.E.2d 401, 408 (2002) ("'Rule 5A:18 applies to bar even constitutional claims.'"

-

(quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998))).  Moreover, the trial court allowed only two of the six complaining witnesses to testify via closed-circuit television.  With regard to those two child witnesses, we hold that, based upon the testimony and demeanor of K.P. and M.W. during the hearing on the motion, the trial court had sufficient evidence upon which to base its finding that the girls demonstrated a substantial inability to communicate about the offense.  See Code § 18.2-67.9(B)(2).

Civitello next contends that the trial court erred in refusing to allow him to question the venire regarding the range of sentencing available for the charges at issue.  Specifically, Civitello contends that according to Hill v. Commonwealth, 36 Va. App. 375, 550 S.E.2d 351 (2001), he had "an absolute right to inquire as to the prospective jury's duty to consider the full range of punishments."  Civitello argues on brief that he was "correct to question the jury in voir dire regarding the range of punishments in order to determine if there were any possible bias or prejudice in this area."

We do not address Civitello's contention in this regard, as he likewise, failed to properly preserve this issue for our review.  Although Civitello noted his objection on the basis that "sentencing was an issue in controversy," Civitello failed to proffer what his questions pertaining to sentencing would have been.  Accordingly, we cannot address his arguments on appeal.

-

See Barrett v. Commonwealth, 231 Va. 102, 108, 341 S.E.2d 190, 194 (1986) ("Because the record fails to contain a proffer of the evidence sought to be introduced, we cannot consider these alleged errors."); see also Rule 5A:18.[3]

Finally, Civitello argues that the trial court erred in finding the evidence sufficient to support his convictions for the charges against him. Again, we disagree.

> Our standards for reviewing sufficiency of the evidence are well established. We must view the evidence and all reasonable inferences in the light most favorable to the Commonwealth, and the trial court's judgment will be affirmed unless plainly wrong or without evidence to support it. Additionally, the credibility of witnesses and the weight to be given their testimony are questions exclusively within the province of a jury.

Barker v. Commonwealth, 230 Va. 370, 373, 337 S.E.2d 729, 732 (1985) (citations omitted).

Civitello does not contend that the Commonwealth failed to establish the elements of any specific offense. Instead, he argues that because the complaining witnesses' testimony was "frequently in conflict," because no medical evidence was presented, and because there was "often no evidence of lascivious

---

[3] Nevertheless, the Supreme Court of Virginia recently reversed the decision in Hill, holding "that in a non-capital case, neither the defendant nor the Commonwealth has a constitutional or statutory right to question a jury panel about the range of punishment that may be imposed upon the defendant." Commonwealth v. Hill, 264 Va. 315, 319, 568 S.E.2d 673, 676 (2002).

-

intent," the convictions should be reversed pursuant to the Virginia Supreme Court's holding in Willis & Bell v. Commonwealth, 218 Va. 560, 238 S.E.2d 811 (1977).

However, Willis & Bell is clearly inapposite to the case at bar.

> In that case, the victim's testimony was wholly uncorroborated and her testimony on direct examination conflicted with her testimony on cross-examination and at the preliminary hearing.  Moreover, without explanation, she waited nearly a month before reporting the alleged offenses.  She also tried to withdraw the arrest warrants[, and] [h]er reputation in the community for truthfulness was "low."  For these reasons, [the Court] held that the victim's story was "incredible as a matter of law. "

Barker, 230 Va. at 373-74, 337 S.E.2d at 732 (quoting Willis & Bell, 218 Va. at 564, 238 S.E.2d at 813).

In the present case, the complaining witnesses' testimony was substantially corroborated by the testimony of the other witnesses.  Indeed, their testimony pertaining to the incidents at issue was virtually identical.  Furthermore, Civitello himself made incriminating statements to police, specifically admitting that he had engaged in sexual contact with each of the child victims.  In his own testimony, Civitello likewise, conceded that he had experienced sexual contact with the children.

Additionally, medical evidence is not necessary for a finding of guilt on these charges.  Moreover, "[i]ntent is frequently shown by circumstances or by a person's conduct."  Burns v.

-

Commonwealth, 261 Va. 307, 338, 541 S.E.2d 872, 892 (2001).  The jury here was presented with a substantial amount of evidence, both direct and circumstantial, from which it could reasonably infer that Civitello committed the offenses and that he did so with the requisite intent.  See Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998) ("The fact finder, who has the opportunity to see and hear witnesses, has the sole responsibility to determine . . . inferences to be drawn from proven facts.").  We cannot say as a matter of law that the jury's determination was plainly wrong or without evidence to support it.

Accordingly, we affirm the trial court's judgment.  However, we remand with instructions to the trial court to correct the clerical error appearing in the July 16, 2001 sentencing order, sentencing Civitello to serve 5 years in prison on Indictment Number CR00-88, as the jury's verdict form and the conviction order itself clearly reflect that Civitello was found not guilty of that charge.

Affirmed and remanded.

-