UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Causey and Friedman

WAYNE HENDERSON

v.      Record No. 0118-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
FEBRUARY 7, 2023

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Jerrauld C. Jones, Judge

(Diallo K. Morris; Morris, Crawford & Currin, P.C., on brief), for
appellant.  Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Leanna C. Minix, Assistant
Attorney General, on brief), for appellee.


Following a bench trial, the trial court convicted Wayne Henderson, the appellant, of

aggravated sexual battery of a minor under the age of thirteen years, in violation of Code

§ 18.2-67.3.  The court sentenced Henderson to five years of incarceration with three years and two

months suspended.[1]  On appeal, Henderson argues that the evidence was insufficient to convict him

because the Commonwealth failed to prove that he intended to sexually abuse the victim and the

victim's testimony was inherently incredible.  Henderson also argues that he received ineffective

assistance of counsel during sentencing.  After examining the briefs and record in this case, the

panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without

merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).  Accordingly, we affirm the trial court's

judgment.

---

[*] Pursuant to Code § 17.1 413, this opinion is not designated for publication.

[1] The trial court dismissed a related charge of indecent liberties with a child by a
custodian.

BACKGROUND[2]

At trial, A.E. testified that her uncle, Henderson, "touched" her "when [she] was a little girl." She explained that, when she was "either six or seven years old," he touched her vagina and breasts without her consent during a visit to his home in Norfolk. While A.E. and Henderson were alone in the living room, Henderson approached her and "told [her] to unbuckle [her] pants." A.E. complied and felt him "touch" her vagina through "the outside of [her] underwear" and reach beneath her shirt to grab her "chest area." When Henderson's wife, Angela Henderson, called his name from upstairs and started to come downstairs, he ordered A.E. to "pull [her] pants up" and "put [her] clothes back on." A.E. obeyed, and Henderson "went upstairs" before Angela could completely descend the staircase.

A.E. admitted that she initially denied any sexual abuse because she feared that "nobody would believe [her]." She also acknowledged that she first reported the incident in "2017 or 2016," after moving to Texas with her mother and grandmother. Further, A.E. admitted that at a "forensic interview" in January 2018, she told police that Henderson removed her shorts and "put his fingers under [her] underwear," but he pulled her pants back up when his wife called.

Debra Hayes, A.E.'s mother, testified that A.E. first disclosed the assault in December 2017 when Henderson lived in Norfolk but was visiting Texas. The same day, Hayes contacted Henderson to ask about the alleged abuse, but he did not respond and returned to Norfolk two days later. At the end of the Commonwealth's case-in-chief, Henderson did not move to strike the evidence as insufficient, but the trial court granted his request to "withhold" the motion to strike until the conclusion of all the evidence.

---

[2] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

Angela testified that she and Henderson shared a house together and A.E. never visited when Henderson was present. Angela acknowledged, however, that between 2011 and 2013, A.E. "sometimes" visited and it was possible that Henderson was present. Angela also admitted that, after learning of the alleged assault, she sent a text message to Hayes stating, "You did the right thing. [Henderson] needs to pay for what he's done." Angela stated that she did "not want to see [Henderson] go to jail" and maintained that she did not believe that Henderson sexually molested A.E.

Testifying on his own behalf, Henderson denied ever touching A.E. He explained that A.E. visited his home only twice between 2011 and 2013, and never alone or overnight. Henderson maintained that he had "no interaction" with A.E. and "no interest in children."

At the conclusion of all the evidence, Henderson moved to strike the Commonwealth's case. He conceded, however, that the Commonwealth had established prima facie proof of the requisite intent for aggravated sexual battery. The trial court denied the motion, finding that "all the evidence creates questions of fact for the trier of fact."

During closing argument, Henderson argued that A.E's testimony was inherently incredible because of inconsistencies and her late disclosure of the incident. The trial court concluded that "[i]t's not unusual to have conflicts in the evidence" and such inconsistencies do "[n]ot necessarily" indicate that "someone is lying" or "mistaken." Reasoning that children "cannot always remember time the way adults remember time" because of "developmental differences," the trial court found that "traumatic events happen[ed] to [A.E.] that she is relating irrespective of the time in which they occur[red]." Accordingly, the trial court determined that

- 3 -

"every element has been proved sufficiently beyond a reasonable doubt" and convicted Henderson of aggravated sexual battery of a minor under thirteen years old.[3]

At sentencing, the trial judge notified the litigants of a potential conflict of interest. After trial, the judge's son had become "associated" with a law firm belonging to Henderson's defense counsel. Defense counsel did not move the trial judge to recuse himself. The trial court proceeded with the sentencing hearing and imposed five years of incarceration with three years and two months suspended. Henderson appeals.

## ANALYSIS

### Sufficiency of the Evidence

On appeal, Henderson argues that "the Commonwealth failed to prove the requisite intent to sustain his conviction." We do not consider this argument, however, as he raises it for the first time on appeal.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. Accordingly, "this Court 'will not consider an argument on appeal [that] was not presented to the trial court.'" *Farnsworth v. Commonwealth*, 43 Va. App. 490, 500 (2004) (quoting *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998)). "Specificity and timeliness undergird the contemporaneous-objection rule [and] animate its highly practical purpose." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356

---

[3] The trial court dismissed a related charge of indecent liberties with a child by a custodian.

- 4 -

(2011)).  Thus, appellate courts "will not consider an argument that differs from the specific argument presented to the trial court, even if it relates to the same general issue." *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (en banc) (citing *Floyd v. Commonwealth*, 219 Va. 575, 584 (1978)).

The Supreme Court of Virginia has held that "[i]n a jury trial, the defendant preserves his objections to the sufficiency of the evidence in a motion to strike at the conclusion of the Commonwealth's case if he elects to not introduce evidence of his own"; or if the defendant does present evidence, a "motion to strike at the conclusion of all the evidence or a motion to set aside the verdict." *Commonwealth v. Bass*, 292 Va. 19, 33 (2016).  In a bench trial, a defendant may also preserve a sufficiency challenge by "clearly present[ing]" the issue to the trial court during closing argument.  *Campbell v. Commonwealth*, 12 Va. App. 476, 481 (1991) (en banc).  But "[n]ot every closing argument accomplishes this objective." *Id.*  A defendant's failure to specifically argue during closing argument that the evidence is insufficient as a matter of law will result in default.  *See, e.g.*, *Bowling v. Commonwealth*, 51 Va. App. 102, 106 (2007) (holding that, even though defendant made a motion to strike at the conclusion of the case, because the motion did not argue that the evidence was not sufficient to establish a specific element of the offense, this specific argument was not preserved for appeal).

Here, we do not reach the merits of Henderson's challenge to the sufficiency of the evidence supporting his conviction for two reasons.  First, during his motion to strike, Henderson conceded that the Commonwealth made a prima facie showing that he intended to sexually abuse A.E.  Second, at closing argument, he did not contend that the evidence failed to prove the requisite intent.  Accordingly, Rule 5A:18 forecloses our review of the sufficiency argument that he raises for the first time on appeal.  *Cf. Bowling*, 51 Va. App. at 106.  Although there are

exceptions to Rule 5A:18, Henderson does not invoke them, and we will not do so sua sponte. *Edwards*, 41 Va. App. at 761.

Credibility of Witness

Henderson next contends that A.E.'s testimony "was inherently unbelievable and should have been disregarded by the trial court." He argues that A.E.'s initial denial and delayed report of the incident, combined with inconsistencies in her account, "render[ed] her trial testimony unworthy of belief." Henderson asserts that such "glaring inconsistencies" include A.E.'s statement to investigators that Henderson removed her shorts and inserted his fingers into her underwear, and her subsequent conflicting testimony at trial that she removed her shorts at his direction and he touched her vagina through "the outside of [her] underwear." As A.E. was the Commonwealth's "only eyewitness," Henderson argues that her testimony was insufficient "to support conviction beyond a reasonable doubt." We disagree.

"Determining the credibility of witnesses . . . is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (first alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). "[T]he conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only when we find that the witness' testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Ragsdale v. Commonwealth*, 38 Va. App. 421, 429 (2002) (quoting *Ashby v. Commonwealth*, 33 Va. App. 540, 548 (2000)). "Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Gerald v. Commonwealth*, 295 Va. 469, 487 (2018) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)). "So long as a witness deposes as to facts [that], if true, are sufficient to maintain [the]

verdict," and "[i]f the trier of the facts sees fit to base the verdict upon that testimony[,] there can be no relief in the appellate court." *Smith v. Commonwealth*, 56 Va. App. 711, 718-19 (2010) (quoting *Swanson v. Commonwealth*, 8 Va. App. 376, 379 (1989)).

Contrary to Henderson's assertion on brief, a victim's "failure to immediately report" sexual abuse does "not render [her] testimony inherently incredible as a matter of law." *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991) (citing *Hammer v. Commonwealth*, 207 Va. 159, 162 (1966)). Without a "credible explanation," such a delay may cast "suspicion and doubt" on the victim's testimony. *Id.* (quoting *Willis & Bell v. Commonwealth*, 218 Va. 560, 563 (1977)). But a fact finder "is entitled to attribute such significance as it deem[s] appropriate to this delay." *Id.* *See also Woodard v. Commonwealth*, 19 Va. App. 24, 28 (1994) (observing that late reporting is "completely consistent with the all too common circumstances surrounding sexual assault on minors—fear of disbelief by others"). In addition, "a fact finder's evaluations of credibility are not limited to choosing between competing accounts offered by different witnesses, but often include, as in this case, resolving conflicts in a single witness' testimony, accepting that part of the testimony it deems credible and rejecting the portion it deems incredible." *Commonwealth v. McNeal*, 282 Va. 16, 22 (2011) (citing *Hamilton v. Commonwealth*, 279 Va. 94, 105 (2010)). In conducting those evaluations, the fact finder "[i]s free to believe or disbelieve, in part or in whole, the testimony of any witness." *Bazemore v. Commonwealth*, 42 Va. App. 203, 213 (2004).

The record supports the trial court's finding that A.E.'s testimony was not inherently incredible. A.E. testified that she initially denied abuse and did not report Henderson's assault for several years because she feared no one would believe her. Additionally, although there were discrepancies between her testimony and her prior account to investigators, A.E. "did not waiver with regard to the acts of sexual [abuse]." *Nobrega v. Commonwealth*, 271 Va. 508, 518 (2006).

She consistently testified that Henderson touched her vagina and breasts without her consent when she was a small child.  From that evidence, the trial court could reasonably attribute A.E.'s delayed disclosure to "fear of disbelief by others," *Woodard*, 19 Va. App. at 28, and any conflict in her testimony was merely "customary grist for the jury mill," *Manson v. Brathwaite*, 432 U.S. 98, 116 (1977).  Accordingly, the trial court's conclusion that A.E.'s testimony was not inherently incredible was not plainly wrong or without evidentiary support.  *Cf. Corvin*, 13 Va. App. at 299 (holding that child victim's testimony was not inherently incredible because the child's "youth, fright, and embarrassment" provided rational explanation of delayed report); *see also Nobrega*, 271 Va. at 518 (holding that "minor inconsistencies" did not render child victim's testimony inherently incredible).

Furthermore, we have held that a victim's testimony alone—if not inherently incredible—can support a conviction for aggravated sexual battery.  *See Garland v. Commonwealth*, 8 Va. App. 189, 192 (1989).  Because A.E.'s testimony that Henderson sexually abused her was not inherently incredible, the trial court could rely on it.  *See id.*  Accordingly, we hold that the Commonwealth's evidence was sufficient to support his conviction under Code § 18.2-67.3.

<u>Ineffective Assistance of Counsel</u>

As his final assignment of error, Henderson argues that he was "denied the right to a fair trial due to ineffective assistance of legal counsel."  He contends that defense counsel's failure to "timely object to improper argument" during sentencing or "request that the trial judge recuse himself" deprived him of a "fair trial" and "undermines the confidence in outcome of the trial court proceedings."

"Claims raising ineffective assistance of counsel must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal." *Lenz v. Commonwealth*, 261 Va. 451, 460

(2001) (citing *Johnson v. Commonwealth*, 259 Va. 654, 675 (2000)).  Thus, we do not consider Henderson's claim about ineffective assistance of counsel.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*